IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MOHAMMAD NAWAZ RAJA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-736 (RDA/WBP) |
| ) | |
| SPECIALIZED LOAN SERVICING, ) | |
| LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Specialized Loan Servicing, LLC's ("Defendant SLS") Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (Dkt. 4) and Defendants BWW Law Group, LLC ("BWW") and Equity Trustees, LLC's ("Equity") Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (Dkt. 7) (collectively, the "Motions to Dismiss"). The Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Motions to Dismiss together with Plaintiffs Mohammad Nawaz Raja and Neelum Nawaz Raja's ("Plaintiffs") *pro se* Complaint (Dkt. 1-1), Defendants' Memoranda in Support (Dkt. Nos. 5; 8), Plaintiffs' Oppositions (Dkt. Nos. 28; 29), Defendant SLS' Reply (Dkt. 31), and Plaintiffs' Surresponse (Dkt. 32-1),[1] the Court GRANTS the Motions to Dismiss (Dkt. Nos. 4; 7) for the reasons that follow.

---

[1] While Plaintiffs styled this brief as a "rebuttal," it is more properly characterized as a surresponse and the Court will refer to it as such.

1

## I. BACKGROUND

### A. Factual Background[2]

The gravamen of Plaintiffs' *pro se* Complaint is that Defendants improperly sought to foreclose against a second mortgage on Plaintiffs' home located at 42907 Park Brooke Ct. Broadlands, Virginia 20148 (the "Property"). Dkt. 1-1 ¶ 9. This second mortgage is secured by Plaintiffs' real property and by a deed of trust recorded on April 11, 2006 in Loudoun County (the "Deed of Trust") for the principal amount of $98,250.00. Dkt. 5-1 (Deed of Trust).[3]

Plaintiffs allege that the underlying debt was discharged in Plaintiff Mohammad Nawaz Raja's 2008 Chapter 7 bankruptcy proceeding, and that the bankruptcy discharge constitutes a permanent statutory injunction prohibiting creditors from taking any action to collect on the debt. Dkt. 1-1 ¶¶ 79-81. Plaintiffs also assert that they "rescinded the loan as a defense to foreclosure" and that they filed a recission notice with the bankruptcy court. *Id.* ¶ 118. Plaintiffs claim that, despite the discharge of their personal liability and their rescission of the loan, "[a]fter years of silence," Defendant SLS, a loan servicing company, contacted Plaintiffs through Defendants BWW and Equity, the lenders' foreclosure attorneys, to recover the balance of the debt. *Id.* ¶¶ 11, 57, 75-76.

Additionally, Plaintiffs allege that Defendants fabricated evidence, notices, and other documents when initiating foreclosure on their home. *Id.* ¶¶ 63-68, 74, 92, 99, 114-17. Plaintiffs

---

[2] For purposes of considering the instant Motions to Dismiss, the Court accepts all facts contained within Plaintiffs' Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] Because Plaintiffs reference the Deed of Trust in their Complaint and do not challenge the authenticity of the Deed of Trust attached to Defendant SLS' Motion to Dismiss, the Court can consider the Deed of Trust in resolving the instant Motions. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

also accuse Defendants of failing to publish notice of the foreclosure sale in a newspaper and failing to "fulfill requirements in the deed of trust provisions and the relevant statutes" prior to the foreclosure sale. *Id.* ¶¶ 77-78. Plaintiffs further claim that, during the foreclosure proceeding, Defendants falsely stated that the foreclosure notices were mailed to Plaintiffs on or about March 23, 2023 through the United States Postal Service ("USPS") with tracking numbers. *Id.* ¶ 93. Plaintiffs contend that they never received the notices and that the tracking numbers show that the foreclosure notices are still in transit. *Id.*

Plaintiffs assert that, as a result of Defendants' purported misconduct, Plaintiffs were fraudulently induced to "pay repeatedly into a transaction [that was] already discharged in bankruptcy," their credit score was damaged, and they experienced significant emotional distress. *Id.* ¶¶ 100-02.

B. Procedural Background

Plaintiffs initially filed suit against Defendants in the Circuit Court of Loudoun County, Virginia on May 9, 2023. Dkt. 1 ¶ 2. Defendant SLS then removed the instant action to this Court on June 7, 2023. Dkt. 1. Subsequently, on June 14, 2023, Defendant SLS filed a Motion to Dismiss for Failure to State a Claim, Dkt. 4, along with a Memorandum in Support, Dkt. 5. That same day, Defendants BWW and Equity also filed a Motion to Dismiss for Failure to State a Claim, Dkt. 7, as well as a Memorandum in Support, Dkt. 8. Plaintiffs filed their Oppositions to Defendants' Motions on July 5, 2023. Dkt. Nos. 28; 29. Thereafter, on July 11, 2023, Defendant SLS filed a Reply in support of its Motion. Dkt. 31.[4] On July 14, 2023, Plaintiffs filed a Motion for Leave to File Surresponse to Defendant SLS' Reply, Dkt. 32, with the proposed Surresponse attached to

---

[4] To date, Defendants BWW and Equity have not filed a reply in support of their Motion.

their Motion, Dkt. 32-1.  Magistrate Judge John F. Anderson granted Plaintiffs' Motion for Leave to File Surresponse on July 25, 2023.  Dkt. 33.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).  In reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). To be sure, "the [C]ourt 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).  Typically, "courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)).  Nonetheless, "courts may consider . . . documents attached to the complaint . . . 'so long as they are integral to the *complaint* and authentic.'" *Hugler v. Vinoskey*, No. 6:16-CV-00062, 2017 WL 1653725, at *5 (W.D. Va. May 2, 2017) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

In addition to this general pleading standard, "fraud-based claims must satisfy [Federal Rule of Civil Procedure] 9(b)'s heightened pleading standard." *United States ex rel. Grant v.*

4

*United Airlines, Inc.*, 912 F.3d 190, 196 (4th Cir. 2018) (citing *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455-56 (4th Cir. 2013)). "Rule 9(b) requires that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Id*. (quoting Fed. R. Civ. P. 9(b)). And "lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savanna River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

Furthermore, mindful that Plaintiffs are proceeding *pro se*, this Court liberally construes their filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of her obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into her advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

Plaintiffs bring the following nine claims in the instant action: claims for violations of the Fair Debt Collection Practices Act (the "FDCPA") and its implementing Regulation F (Counts One through Four), a claim for conversion (Count Five), a claim for fraud (Count Six), a claim for malicious prosecution and abuse of process (Count Seven), a claim for breach of contract (Count Eight), and a claim for "recission as a defense to foreclosure" (Count Nine). Dkt. 1-1 ¶¶ 138-252.[5] Defendants move the Court to dismiss all counts brought against them for failure to state a claim.[6] The Court will address the merits of each claim in turn.

---

[5] Counts One through Seven are brought against all Defendants, whereas Counts Eight and Nine are brought only against Defendants SLS and Equity.

[6] Confusingly, in their Motion to Dismiss, Defendants BWW and Equity ask the Court to dismiss the entire Complaint for failure to state a claim, Dkt. 7 at 1, but their Memorandum in

A. The FDCPA Claims

Plaintiffs' FDCPA claims can be broken down as follows: (1) violation of 15 U.S.C. § 1692f(1) for collecting on a time-barred debt that was discharged through bankruptcy; (2) violation of 15 U.S.C. §§ 1692e(2)(A), (2)(B), (5), and (10) for the false and deceptive representations of the debt and threatening to take legal action for amounts that cannot be legally taken; (3) violation of 15 U.S.C. § 1692d(1) for the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property by attempting to collect amounts that were not awarded by a court or which was otherwise improper under Virginia law; and (4) violation of Regulation F for suing and/or foreclosing on a debt that has been time-barred under 12 C.F.R. § 1006.26(b).

To state a claim pursuant to the FDCPA, a plaintiff must plausibly allege that (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010) (citing *Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005)), *aff'd*, 442 F. App'x 816 (4th Cir. 2011).

In the instant case, Defendants argue that all of Plaintiffs' FDCPA claims fail as a matter of law because Plaintiffs' assertions that Defendants are debt collectors are supported by little more than conclusory statements. Dkt. Nos. 5 at 14; 8 at 4-5. In response, Plaintiffs maintain that Defendants are in fact debt collectors, citing letters that they received from Defendants explicitly

---

Support only includes argument addressing Counts One through Four of the nine-count Complaint, *see generally* Dkt. 8. Nevertheless, because Plaintiffs' claims are meritless against Defendants BWW and Equity for the same reasons that they are meritless against Defendant SLS, the Court will dismiss all claims against Defendants BWW and Equity. The Court will, however, grant Plaintiffs leave to amend their Complaint.

stating as much.  Dkt. 29 at 20.  Specifically, Plaintiffs assert that they received a letter dated March 1, 2023 from Defendant SLS noting that: "SPECIALIZED LOAN SERVICING, LLC IS REQUIRED BY FEDERAL LAW TO ADVISE THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR."  *Id.*  Plaintiffs also aver that they received another letter dated March 22, 2023 from BWW and Equity stating: "This is a communication from the Debt Collector and any information obtained may be used for that purpose."  *Id.*

Here, even taking Plaintiffs' allegations[7] as true and viewing the allegations in the light most favorable to Plaintiffs, the Court finds that Plaintiffs do not allege facts sufficient to demonstrate that Defendants fall under the FDCPA's definition of a debt collector.  Critically, the Supreme Court has held in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019) that a business that does no more than enforce security interests through nonjudicial foreclosure proceedings is not a "debt collector" under the FDCPA.[8]  Thus, the Court finds that, because Defendants are entities that allegedly took steps to carry out a nonjudicial foreclosure on the Property, their foreclosure activities are not subject to the FDCPA under Sections 1692f(1), 1692e, 1692(d)(1), or Regulation F.  Accordingly, each of Plaintiffs' FDCPA claims (Counts One through Four) will be dismissed for this reason.

---

[7] Plaintiffs set forth the content of the letters they received from Defendants for the first time in their Opposition.  The Court recognizes that Plaintiffs may not replead the debt collector element of their FDCPA claims in this way.  *See, e.g.*, *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) ("[Plaintiff] is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).  Nevertheless, the Court considers the allegations regarding the letters in deference to Plaintiffs' *pro se* status.

[8] The Supreme Court did carve out an exception to this rule for claims brought under Section 1692f(6), but Plaintiffs do not appear to be asserting any claims under that provision of the FDCPA.

B. Conversion

Turning to Plaintiffs' claim for conversion (Count Five), the Complaint alleges that Defendants converted the Property through foreclosure for their own benefit and use. Dkt. 1-1 ¶¶ 189-90. Defendants move for dismissal of Count Five on the ground that a claim for conversion in Virginia does not apply to interests in real property. Dkt. 5 at 14.

"Conversion is the wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another in denial of or inconsistent with the owner's rights." *Economopoulos v. Kolaitis*, 528 S.E.2d 714, 719 (Va. 2000). Importantly, "Virginia has not recognized the tort of conversion over the wrongful exercise of authority over real property." *Whitaker v. Sheild*, No. 4:05 CV 130, 2006 WL 1321481, at *12 (E.D. Va. May 3, 2006); *see also Wallace v. Patillo*, 82 Va. Cir. 125 (City of Norfolk, 2011) (explaining that conversion is the "wrongful control or dominion over *personal property*" (emphasis added) (quoting 18 AM.JUR.3d Conversion § 1 (2010))). Accordingly, because the Property at issue here (Plaintiffs' house) constitutes real property, the conversion claim fails as a matter of law and will be dismissed.

C. Fraud

Plaintiffs next allege that Defendants committed fraud by "knowingly and intentionally . . . create[ing] illegal foreclosure notices and tracking numbers . . . for certified mail . . . with an ulterior motive or improper purpose and fail[ing] to hand them over to USPS, for the delivery to plaintiffs." Dkt. 1-1 ¶ 193. Plaintiffs also assert that the foreclosure notices Defendants sent them contained false information and that Defendants knowingly misrepresented facts to effectuate the foreclosure. *Id.* ¶¶ 131, 196.

To state a claim for fraud under Virginia law, Plaintiffs must allege "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to

8

mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 476–77 (4th Cir. 2006). Moreover, pursuant to Federal Rule of Civil Procedure 9(b), allegations of fraud are subject to a heightened pleading standard. Plaintiffs must therefore allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013). In other words, Plaintiffs are required to identify "'the who, what, when, where, and how of the alleged fraud' before access to the discovery process should be granted." *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 652 (4th Cir. 2014) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008)).

Here, Plaintiffs' allegations of fraud fall far short of Rule 9(b)'s pleading requirements. As an initial matter, Plaintiffs fail to provide the identity of any agents, officers, or employees of Defendants who allegedly perpetrated the fraud. Additionally, the Complaint does not explain how Plaintiffs could have relied on any false statements in the notices that Defendants sent them when Plaintiffs allegedly never received such notices. *See* Dkt. 1-1 ¶ (claiming that the notices are still in transit). Accordingly, Plaintiffs' fraud claim does not pass Rule 9(b) muster and will therefore be dismissed.

### D. Malicious Prosecution and Abuse of Process

Count Seven of the Complaint asserts malicious prosecution and abuse of process claims against Defendants for initiating a foreclosure action against a mortgage that was allegedly discharged. Dkt. 1-1 ¶¶ 209-21. First, to state a claim for malicious prosecution in Virginia, a plaintiff must show "that the prosecution was (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not

9

unfavorable to the plaintiff." *Hudson v. Lanier*, 497 S.E.2d 471, 473 (Va. 1998) (citations omitted). Here, the absence of any allegations in the Complaint indicating that the foreclosure sale has already been held and that the outcome was "not unfavorable" to Plaintiffs is fatal to the malicious prosecution claim. *Hudson*, 497 S.E.2d at 473. As such, Plaintiffs' claim for malicious prosecution will be dismissed.

Plaintiffs' abuse of process claim fares no better. To state a claim for abuse of process under Virginia law, a plaintiff must plausibly plead: "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Ely v. Whitlock*, 385 S.E.2d 893, 897 (Va. 1989) (quoting *Donohoe Construction v. Mount Vernon Assoc.*, 369 S.E.2d 857, 862 (Va. 1988)). "The distinctive nature of an action for abuse of process, as compared with the actions for malicious prosecution . . . , is that it lies for the improper use of a regularly issued process, not for maliciously causing process to issue . . . ." *Glidewell v. Murray-Lacy & Co.*, 98 S.E. 665, 667 (Va. 1919). In the instant case, the Complaint is devoid of non-conclusory allegations that Defendants instituted a foreclosure action for any other purpose than to enforce the second mortgage lien, which is what a foreclosure action is intended to accomplish. As such, Plaintiffs' abuse of process claim will also be dismissed.

### E. Breach of Contract

In Count Eight of the Complaint, Plaintiffs allege that Defendants SLS and Equity breached a contract by "not honoring [the] bankruptcy discharge" and initiating foreclosure proceedings against the Property. Dkt. 1-1 ¶¶ 234-35. In Virginia, "the elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Young-Allen v. Bank of Am., N.A.*, 298 Va. 462, 469 (2020). Here, the contract that

Plaintiffs appear to be invoking is the Deed of Trust. *See* Dkt. 1-1 ¶ 223 (referring to an agreement whereby Plaintiffs obtained title to the Property). But the Complaint does not identify any specific provision that Defendants SLS and Equity purportedly violated. As such, Plaintiffs do not allege sufficient facts from which the Court can plausibly conclude that the alleged misconduct constituted a breach of the Deed of Trust. For this reason, the breach of contract claim will be dismissed.

### F. Rescission as a Defense to Foreclosure

Finally, in Count Nine of their Complaint, Plaintiffs bring a claim against Defendants SLS and Equity for initiating a foreclosure proceeding after Plaintiffs "rescinded the loan transaction as a defense to foreclosure." Dkt. 1-1 ¶ 248. Plaintiffs assert that a consumer can rescind a mortgage transaction by sending notice of the rescission to the lender, and if the lender fails to dispute the rescission, the mortgage becomes void. *Id.* ¶ 248-49.

Plaintiffs' rescission theory is governed by the Truth in Lending Act (the "TILA"), which provides: "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C.A. § 1635(f). In the instant case, Plaintiffs allegedly mailed notices of rescission to Defendants on September 2, 2022 and March 15, 2023. Dkt. 1-1 ¶ 248. Meanwhile, the second mortgage was recorded on April 11, 2006. Accordingly, it appears from the face of the Complaint that Plaintiffs did not provide notices of rescission to the lender within three years as required by Section 1635(f). Plaintiffs thus fail to state any claim pursuant to their rescission theory, and Count Nine of the Complaint will be dismissed for this reason.

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant SLS' Motion to Dismiss (Dkt. 4) is GRANTED; and it is

FURTHER ORDERED that Defendants BWW and Equity's Motion to Dismiss (Dkt. 7) is GRANTED; and it is

FURTHER ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

If Plaintiffs so choose, they may file an Amended Complaint within thirty (30) days of this Memorandum Opinion and Order.

To appeal this decision, Plaintiffs must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiffs wants to appeal.  Plaintiffs need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiffs' right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiffs, who are proceeding *pro se*, and to counsel of record for Defendants.  The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
March 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge