IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MOHAMMAD NAWAZ RAJA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-736 (RDA/WBP) |
| ) | |
| SPECIALIZED LOAN SERVICING, ) | |
| LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Specialized Loan Servicing, LLC's ("Defendant SLS") Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (Dkt. 38) and Defendants BWW Law Group, LLC ("BWW") and Equity Trustees, LLC's ("Equity") Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (Dkt. 41) (collectively, the "Motions to Dismiss"). The Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Motions to Dismiss together with Plaintiffs Mohammad Nawaz Raja and Neelum Nawaz Raja's ("Plaintiffs") *pro se* Amended Complaint (Dkt. 36) and Defendants' Memoranda in Support (Dkts. 39, 42), the Court GRANTS the Motions to Dismiss for the reasons that follow.

## I. BACKGROUND

### A. Factual Background[1]

The allegations in the Amended Complaint are substantially similar to the allegations alleged in the previously dismissed Complaint. The gravamen of Plaintiffs' *pro se* Amended Complaint is that Defendants improperly sought to foreclose against a second mortgage on Plaintiffs' home located at 42907 Park Brooke Ct. Broadlands, Virginia 20148 (the "Property"). Dkt. 36 ¶ 46. This second mortgage is secured by Plaintiffs' real property and by a deed of trust recorded on April 11, 2006, in Loudoun County (the "Deed of Trust") for the principal amount of $98,250.00. Dkt. 39-1 (Deed of Trust).[2]

Plaintiffs allege that the underlying debt was discharged in Plaintiff Mohammad Nawaz Raja's 2008 Chapter 7 bankruptcy proceeding, and that the bankruptcy discharge constitutes a permanent statutory injunction prohibiting creditors from taking any action to collect on the debt. Dkt. 36 ¶¶ 21-24. Plaintiffs also assert that they "rescinded the loan as a defense to foreclosure" and that they filed a recission notice with the bankruptcy court. *Id.* ¶ 143. Plaintiffs claim that, despite the discharge of their personal liability and their rescission of the loan, "[a]fter years of silence," Defendant SLS, a loan servicing company, contacted Plaintiffs through Defendants BWW and Equity, the lenders' foreclosure attorneys, to recover the balance of the debt. *Id.* ¶ 190.

---

[1] For purposes of considering the instant Motions to Dismiss, the Court accepts all facts contained within Plaintiffs' Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Because Plaintiffs reference the Deed of Trust in their Amended Complaint (Dkt. 36 ¶ 10) and do not challenge the authenticity of the Deed of Trust attached to Defendant SLS' Motion to Dismiss, the Court can consider the Deed of Trust in resolving the instant Motions. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Additionally, Plaintiffs allege that Defendants fabricated evidence, notices, and other documents when initiating foreclosure on their home. *Id.* ¶¶ 44, 66, 70, 82, 87, 111, 117, 121. Plaintiffs also accuse Defendants of failing to publish notice of the foreclosure sale in a newspaper and failing to "fulfill requirements in the deed of trust provisions and the relevant statutes" prior to the foreclosure sale. *Id.* ¶¶ 97-98. Plaintiffs further claim that, during the foreclosure proceeding, Defendants falsely stated that the foreclosure notices were mailed to Plaintiffs on or about March 23, 2023, through the United States Postal Service ("USPS") with tracking numbers. *Id.* ¶ 184. Plaintiffs contend that they never received the notices and that the tracking numbers show that the foreclosure notices are still in transit. *Id.* ¶ 185.

Plaintiffs assert that, as a result of Defendants' purported misconduct, Plaintiffs were fraudulently induced to "pay repeatedly into a transaction [that was] already discharged in bankruptcy," their credit score was damaged, and they experienced significant emotional distress. *Id.* ¶¶ 123-25.

### B. Procedural Background

Plaintiffs first initiated litigation related to the Property in 2008 and have been litigating the matter in various jurisdictions and various proceedings ever since. The Court recently recounted the Plaintiffs' litigation history related to the Property. *See Raja v. Deutsche Bank Nat'l Trust Co., et al.*, No. 24-cv-740, 2024 WL 4845977, at *1-*4 (E.D. Va. Nov. 20, 2024) (recounting Plaintiffs' litigation history).

In this case, Plaintiffs filed suit against Defendants in the Circuit Court of Loudoun County, Virginia on May 9, 2023. Dkt. 1 ¶ 2. Defendant SLS then removed the instant action to this Court on June 7, 2023. Dkt. 1. Importantly, after this case was removed, Plaintiffs moved for *pro-se* e-

noticing. Dkt. 3. As part of that process, Plaintiffs "waive[d] service and notice by first class mail of all electronically filed documents." *Id.* That motion was granted on June 14, 2023. Dkt. 11.

On June 14, 2023, Defendant SLS filed a Motion to Dismiss for Failure to State a Claim, Dkt. 4, along with a Memorandum in Support, Dkt. 5. That same day, Defendants BWW and Equity also filed a Motion to Dismiss for Failure to State a Claim, Dkt. 7, as well as a Memorandum in Support, Dkt. 8. After briefing on the Motions was complete, the Court issued a Memorandum Opinion and Order granting the Motions and dismissing the Complaint with leave to amend. Dkt. 35 at 12. In the Memorandum Opinion and Order, the Court concluded: (i) that Plaintiffs' Fair Debt Collection Practices Act (the "FDCPA") claims failed because Plaintiffs did not allege facts sufficient to demonstrate that Defendants are debt collectors pursuant to the FDCPA; (ii) that Plaintiffs' conversion claim failed as a matter of law because it involved real property; (iii) that Plaintiffs' fraud claims fell well short of Rule 9(b)'s pleading requirements; (iv) that Plaintiffs' malicious prosecution and abuse of process claims failed to state a claim; (v) that Plaintiffs have failed to state a breach of contract claim; and (vi) that Plaintiffs failed to state a claim for rescission because they did not allege that they provided notice.

On April 19, 2024, Plaintiffs filed an Amended Complaint. Dkt. 36. On May 3, 2024, Defendants each filed the pending Motions to Dismiss. Dkts. 38, 41. The Motions each contained the notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).[3] Rather than file an Opposition to the Motions to Dismiss, Plaintiffs moved to strike the Motions on the basis that they had not received Motions with the required *Roseboro* notice via first class mail. Dkts. 44, 45. Defendants responded that, because Plaintiffs were granted e-noticing, they had consented to

---

[3] Although *Roseboro* was directed to summary judgment, it has been the general practice of this Court to require a *Roseboro* notice for all dispositive motions involving *pro se* parties. *See Mata v. Brown*, 2023 WL 11903997, at *1 n.1 (N.D. W. Va. Aug. 15, 2023).

electronic service via CM/ECF. Dkt. 47. On June 5, 2024, U.S. Magistrate Judge John F. Anderson denied Plaintiffs' Motion to Strike on the grounds that they had signed up for e-noticing. Dkt. 48. Even after Judge Anderson denied their Motion to Strike, Plaintiffs neither filed nor sought leave to file any opposition to the Motions to Dismiss.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). To be sure, "the [C]ourt 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Typically, "courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)). Nonetheless, "courts may consider . . . documents attached to the complaint . . . 'so long as they are integral to the *complaint* and authentic.'" *Hugler v. Vinoskey*, No. 6:16-CV-00062, 2017 WL 1653725, at *5 (W.D. Va. May 2, 2017) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

In addition to this general pleading standard, "fraud-based claims must satisfy [Federal Rule of Civil Procedure] 9(b)'s heightened pleading standard." *United States ex rel. Grant v. United Airlines, Inc.*, 912 F.3d 190, 196 (4th Cir. 2018) (citing *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455-56 (4th Cir. 2013)). "Rule 9(b) requires that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Id.* (quoting Fed. R. Civ. P. 9(b)). And "lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savanna River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

Furthermore, mindful that Plaintiffs are proceeding *pro se*, this Court liberally construes their filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of their obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into their advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

## III. ANALYSIS

In the Amended Complaint, Plaintiffs assert eight claims: (i) violations of the FDCPA and its implementing regulations (Counts 1-4); (ii) fraud (Count 5); (iii) malicious prosecution and abuse of process (Count 6); (iv) breach of contract (Count 7); and (v) rescission (Count 8). Defendants again move to dismiss the Amended Complaint in its entirety. For all the reasons stated in the March 20, 2024 Memorandum Opinion and Order, as well as those set forth below, the Court will grant the Motions to Dismiss as to each claim.

## A. The FDCPA Claims

In the Amended Complaint, Plaintiffs assert the same four FDCPA claims that were dismissed in the prior Memorandum Opinion and Order: (i) violation of 15 U.S.C. § 1692f(1) for collecting on a time-barred debt that was discharged through bankruptcy; (ii) violation of 15 U.S.C. §§ 1692e(2)(A), (2)(B), (5), and (10) for the false and deceptive representations of the debt and threatening to take legal action for amounts that cannot be legally taken; (3) violation of 15 U.S.C. § 1692d(1) for the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property by attempting to collect amounts that were not awarded by a court or which was otherwise improper under Virginia law; and (4) violation of Regulation F for suing and/or foreclosing on a debt that has been time-barred under 12 C.F.R. § 1006.26(b).

To state a claim pursuant to the FDCPA, a plaintiff must plausibly allege that (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010) (citing *Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005)), *aff'd*, 442 F. App'x 816 (4th Cir. 2011). Here again, Plaintiffs FDCPA claims fail to plausibly allege that Defendants are debt collectors within the meaning of the FDCPA. As the Court previously noted, the Supreme Court has held in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019), that a business that does no more than enforce security interests through nonjudicial foreclosure proceedings is not a "debt collector" under the FDCPA.[4] Thus, the Court finds that, because

---

[4] The Supreme Court did carve out an exception to this rule for claims brought under Section 1692f(6), but Plaintiffs do not appear to be asserting any claims under that provision of the FDCPA.

7

Defendants are entities that allegedly took steps to carry out a nonjudicial foreclosure on the Property, their foreclosure activities are not subject to the FDCPA under Sections 1692f(1), 1692e, 1692(d)(1), or Regulation F. Accordingly, each of Plaintiffs' FDCPA claims (Counts 1 through 4) will be dismissed.[5]

## B. Fraud

Plaintiffs next allege that Defendants committed fraud by "knowingly and intentionally . . . creat[ing] illegal foreclosure notices and tracking numbers . . . for certified mail . . . with an ulterior motive or improper purpose and fail[ing] to hand them over to USPS, for the delivery to [P]laintiffs." Dkt. 36 ¶ 184. Plaintiffs also assert that Defendants created fraudulent documents to support "collecting on long-dormant second mortgages." *Id.* ¶ 194.

To state a claim for fraud under Virginia law, Plaintiffs must allege "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 476–77 (4th Cir. 2006). Moreover, pursuant to Federal Rule of Civil Procedure 9(b), allegations of fraud are subject to a heightened pleading standard. Plaintiffs must therefore allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013). In other words, Plaintiffs are required to identify "'the who, what, when, where, and how of the alleged fraud' before access to the discovery process should be granted." *Murphy v. Capella Educ. Co.*, 589 F.

---

[5] Although the Court need not address all the ways that Plaintiffs have failed to state a claim, the Court notes that Defendants correctly argue that Plaintiffs' legal conclusions that the mortgage was discharged during a prior bankruptcy and that the debt is allegedly time-barred do not plausibly allege an FDCPA violation.

8

App'x 646, 652 (4th Cir. 2014) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008)).

Here again, Plaintiffs' allegations mirror those that were dismissed in the prior Memorandum Opinion and Order for failure to comply with the requirements of Rule 9(b). Dkt. 35 at 8-9. Plaintiffs have not remedied the defects identified. The Amended Complaint continues to fail to provide the identity of any agents, officers, or employees of Defendants who allegedly perpetrated the fraud. Additionally, the Amended Complaint does not explain how Plaintiffs could have relied on any false statements in the notices that Defendants sent them when Plaintiffs allegedly never received such notices. *See* Dkt. 36 ¶ 187 (claiming that the notices are still in transit). Accordingly, Plaintiffs' fraud claim does not pass Rule 9(b) muster and will therefore be dismissed.

### C. Malicious Prosecution and Abuse of Process

Plaintiffs' malicious prosecution and abuse of process claim also mirrors the previously dismissed claim. Count Seven of the Complaint asserts malicious prosecution and abuse of process claims against Defendants for initiating a foreclosure action against a mortgage that was allegedly discharged. Dkt. 36 ¶¶ 206-16.[6] First, to state a claim for malicious prosecution in Virginia, a plaintiff must show "that the prosecution was (1) malicious; (2) instituted by, or with the

---

[6] Plaintiffs begin their recitation of the facts relevant to their malicious prosecution and abuses of process claim by making certain allegations regarding a trespasser on the Property. Dkt. 36 ¶ 203. These allegations appear irrelevant to Plaintiffs' claim. Although Plaintiffs do allege a connection between Defendants and the alleged trespasser, that connection is tenuous, and Plaintiffs do not explain why Defendants would be responsible for the trespasser's alleged criminal behavior. *Id.* (alleging "defendants in a joint venture hired criminal person Andrew Stewart"). Moreover, the alleged connection between the trespasser and Defendants appears to be belied by Plaintiffs' other allegations. *Id.* ¶ 204 (alleging that the corporation for which the trespasser worked was defunct). Finally, there appears to be no connection between this alleged trespasser and any prosecution or process.

cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Hudson v. Lanier*, 497 S.E.2d 471, 473 (Va. 1998) (citations omitted). As with the original Complaint, here, the absence of any allegations in the Amended Complaint indicating that the foreclosure sale has already been held and that the outcome was "not unfavorable" to Plaintiffs is fatal to the malicious prosecution claim. *Hudson*, 497 S.E.2d at 473. As such, Plaintiffs' claim for malicious prosecution will be dismissed.

Plaintiffs' abuse of process claim fares no better. To state a claim for abuse of process under Virginia law, a plaintiff must plausibly plead: "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Ely v. Whitlock*, 385 S.E.2d 893, 897 (Va. 1989) (quoting *Donohoe Construction v. Mount Vernon Assoc.*, 369 S.E.2d 857, 862 (Va. 1988)). The distinction between malicious prosecution and abuse of process is that a malicious prosecution claim is premised on causing process to issue, while abuse of process is premised on the improper use of process after it has been issued. *Glidewell v. Murray-Lacy & Co.*, 98 S.E. 665, 667 (Va. 1919). Here, the Amended Complaint is devoid of non-conclusory allegations that Defendants instituted a foreclosure action for any other purpose than to enforce the second mortgage lien, which is what a foreclosure action is intended to accomplish. Moreover, outside of the initiation of foreclosure action (which, if plausibly alleged, would lie as a malicious prosecution claim), there are no non-conclusory allegations that would constitute abuse of process. *See 7600 Ltd. P'Ship v. QuesTech, Inc.*, 1996 WL 34384553, at *2 (Va. Cir. Ct. May 22, 1996) (discussing difference between malicious prosecution and abuse of process claims). As such, Plaintiffs' abuse of process claim will also be dismissed.

D. Breach of Contract

Next, Plaintiffs again allege that Defendants SLS and Equity breached a contract by "not honoring [the] bankruptcy discharge" and initiating foreclosure proceedings against the Property. Dkt. 36 ¶¶ 217-40. In Virginia, "the elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Young-Allen v. Bank of Am., N.A.*, 298 Va. 462, 469 (2020). Here, Plaintiffs refer to two agreements: (i) the Deed of Trust; and (ii) an agreement that "the obligation has been discharged in bankruptcy." *See* Dkt. 36 ¶¶ 218, 226. To begin with, it is not clear that this second alleged "agreement" would constitute a contract or enforceable obligation where there was offer, acceptance, and consideration. Moreover, despite the opportunity to amend, the Amended Complaint remains completely unclear as to any specific provision that Defendants SLS and Equity purportedly violated. Accordingly, Plaintiffs have not remedied the defects in their contract claim as previously identified by the Court in the prior Memorandum Opinion and, as such, Plaintiffs have continued to fail to allege sufficient facts from which the Court can plausibly conclude that the alleged misconduct constituted a breach of the Deed of Trust. For this reason, the breach of contract claim will be dismissed.

E. Rescission as a Defense to Foreclosure

Plaintiffs' final count asserts that Defendants SLS and Equity initiated a foreclosure proceeding after Plaintiffs "rescinded the loan transaction as a defense to foreclosure." Dkt. 36 ¶ 246.[7] Plaintiffs assert that a consumer can rescind a mortgage transaction by sending notice of

---

[7] Confusingly, Plaintiffs now allege that "Defendants rescinded the loan transaction as a defense to foreclosure." Dkt. 36 ¶ 246. But that appears to be a typographical error.

11

the rescission to the lender, and if the lender fails to dispute the rescission, the mortgage becomes void. *Id.* ¶ 244.

Plaintiffs' rescission theory is governed by the Truth in Lending Act (the "TILA"), which provides: "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C.A. § 1635(f). In the instant case, Plaintiffs allegedly mailed notices of rescission to Defendants on September 2, 2022, and March 15, 2023, and contend that they filed the alleged "Notice of Rescission" in the 2022 bankruptcy proceedings. Dkt. 36 ¶ 246. Meanwhile, the second mortgage was recorded on April 11, 2006. Accordingly, it appears from the face of the Amended Complaint that Plaintiffs did not provide notices of rescission to the lender within three years as required by Section 1635(f). Moreover, as the Fourth Circuit has held, "more is required" to complete the rescission and void the contract than merely the borrower's notice that they are exercising their right to rescind (assuming it is timely exercised). *See Gilbert v. Residential Funding LLC*, 678 F.3d 271, 277 (4th Cir. 2012). Here, there are no allegations that any further steps, other than an untimely notice, were ever taken to unwind the Note and Deed of Trust. Thus, Plaintiffs fail to state any claim pursuant to their rescission theory, and that count will also be dismissed.

## IV. CONCLUSION

In sum, the Court dismisses each of the claims asserted in the Amended Complaint because, even after amending, Plaintiffs have failed to remedy the shortcomings identified by the Court in the Memorandum Opinion and Order and because Plaintiffs continue to fail to plausibly state any claim. Although the Federal Rules of Civil Procedure generally require that leave to amend be freely given, amendment is generally not permitted where there are "multiple fundamental defects," where "further amendment likely will be futile," and where there have been multiple

opportunities to amend. *Brown v. Phylbeck*, 2019 WL 2745758, at *5 (E.D.N.C. July 1, 2019); *see also Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700, 715 (E.D. Va. Aug. 28, 2009) (same). Given Plaintiffs' failure to correct the deficiencies identified by the Court, the Court will dismiss this action with prejudice.

For the foregoing reasons, it is hereby ORDERED that Defendant SLS' Motion to Dismiss (Dkt. 38) is GRANTED; and it is

FURTHER ORDERED that Defendants BWW and Equity's Motion to Dismiss (Dkt. 41) is GRANTED; and it is

FURTHER ORDERED that the Amended Complaint (Dkt. 36) is DISMISSED WITH PREJUDICE for failure to state a claim.

To appeal this decision, Plaintiffs must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiffs wants to appeal. Plaintiffs need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiffs' right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiffs, who are proceeding *pro se*, and to counsel of record for Defendants.

It is SO ORDERED.

Alexandria, Virginia
March 12, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge